THE STATE, EX REL. BUCHANAN, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; UNIVERSITY HOSPITALS OF CLEVELAND, APPELLANT.

[Cite as State, ex rel. Buchanan, *v.* Indus. Comm. (1988), 40 Ohio St. 3d 168.]

(No. 87-224—Submitted September 28, 1988—Decided December 30, 1988.)

*Sonkin & Melena Co., L.P.A.,* and *Stephen P. Zaransky,* for appellee.

*Arter & Hadden, Louis J. Licata, Kimberly I. Moses, Knepper, White, Arter & Hadden* and *Douglas M. Bricker,* for appellant.

*Per Curiam.* The determination of disputed factual situations is within the final jurisdiction of the commission, subject to correction in mandamus only on showing an abuse of discretion. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 1 O.O. 2d 190, 139 N.E. 2d 41. Where the record, however, contains "some evidence" to support the commission's findings, there has been no abuse of discretion and mandamus will not lie. *State, ex rel. Burley,* v. *Coil*

*Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. In the present case, our determination of the some-evidence question is hampered by the ambiguity of the initial March 19, 1984 order of the district hearing officer denying temporary total disability compensation.

In *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 632, 23 O.O. 3d 518, 519, 433 N.E. 2d 586, 588, we stated:

" '* * * An employee is entitled to be paid temporary total disability when injured and unable to work until one of the following three things occur[s]: (1) he has returned to work, (2) his treating physician has made a written statement that he is capable of returning to his former position of employment, or (3) the temporary disability has become permanent.' " In addition, a claimant must establish that the alleged disability is due to the allowed conditions in the claim. *Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E. 2d 1.

In the present case, the hearing officer's determination that appellee "is not totally disabled due to the allowed injury" is subject to different interpretations. His conclusion that appellee was "not totally disabled" as opposed to "not *temporarily* totally disabled" appears to infer that any alleged disability was still temporary. In light of *Ramirez* and *Fox,* the hearing officer's conclusion thus appears to indicate that either appellee was able to return to her former position of employment or that the disability was not due to the allowed conditions. It is unclear, however, which finding formed the basis of the hearing officer's determination.

In *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E. 2d 721, we held

that ambiguity can be resolved by the issuance of a limited writ "directing the commission to specify the basis of its decision." *Id.* at 483, 6 OBR at 533, 453 N.E. 2d at 724. Relying on this decision, we hereby affirm the appellate court's judgment.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

LOCHER and WRIGHT, JJ., concur in judgment only.