[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 397.]

THE STATE EX REL. JACKMAN, APPELLEE, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLANT.

[Cite as *State ex rel. Jackman v. Indus. Comm*., 1995-Ohio-198.]

*Workers' compensation—Appellate court errs in vacating Industrial Commission's order denying wage-loss compensation and returning the cause to the commission for an amended order, when.*

(No. 94-119—Submitted April 24, 1995—Decided June 28, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-1562.

_____

{¶ 1} In 1988, appellee-claimant, Deana C. Jackman, was injured in the course of and arising from her employment with Morse Shoe, Inc. Her average weekly wage at that job was set at $124.26.

{¶ 2} In 1990, appellant, Industrial Commission of Ohio, terminated claimant's temporary total disability compensation, finding both maximum medical improvement and an ability to return to the former position of employment. Additionally, the order of the hearing officer stated:

"The Hearing Officer, in making this finding, has taken the following evidence into consideration:

"*Dr. Graneto*: Claimant's Physician's finding indicating claimant is still temporarily and totally disabled.

"*Dr. Gonzalez*: Employer's Physician's finding indicating claimant is able to return to her former position of employment.

"*Dr. Vamvas*: State Examiner's finding indicating claimant has reached maximum medical improvement, (relied upon)."

{¶ 3} On March 10, 1991, claimant started working part-time in a child care center. Her weekly wages averaged approximately $97 per week. Claimant

eventually sought wage loss compensation under R.C. 4123.56(B) for the income difference, claiming that she "was unable to work in my former position of employment as a shoe clerk due to the lifting."

{¶ 4} With the exception of the one-line letter from Dr. James J. Graneto, which provided that "[i]t is my clinical opinion that Ms. Deanae [*sic*] Jackman can perform sedentary work," the evidence before the commission was the same evidence presented at the temporary-total-disability termination hearing. The district hearing officer denied wage-loss compensation, writing:

"[T]here is insufficient medical proof establishing that claimant has sustained a wage loss from 7-31-90 to date due to the injury and allowed conditions in this claim.

"The District Hearing Officer notes the prior District Hearing Officer order dated 7-5-90 indicating that claimant is capable of returning to her former position of employment as a shoe clerk.

"Accordingly, claimant's motion is denied in its entirety.

"The Hearing Officer, in making this finding, has taken the following evidence into consideration: prior District Hearing Officer order typed 7-5-90, wage loss application, claimant's affidavit, C-94A's[.]

"*Dr. Graneto*, *M.D.*: Claimant's physician's, indicating claimant can perform sedentary work.

"*Dr. Gonzalez*, *M.D.*: Employer's physician's report dated 1-4-90 indicating claimant can return to her former position of employment.

"*Dr. Vamvas*, *Jr., M.D.*: State examiner's report dated 4-13-90 was read and noted."

{¶ 5} The order was administratively affirmed.

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission abused its discretion in denying wage-loss compensation. The appellate court found that the commission erred in

failing to designate the evidence specifically relied on, vacated the commission's order, and returned the cause to it for further consideration and amended order.

{¶ 7} The cause is now before this court upon an appeal as of right.

_____

*Schiavoni, Schiavoni & Bush* and *Joseph J. Bush III,* for appellee.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellant.

_____

***Per Curiam.***

{¶ 8} One issue is presented: Did the appellate court err in vacating the commission's order and returning the cause to it for amended order? For the reasons to follow, we find that it did.

{¶ 9} The appellate court's decision was precipitated by the commission's failure to specify evidence on which it relied. The commission responds that the appellate court misunderstood the basis for the denial of compensation. Wage loss was not denied to claimant because the commission affirmatively relied on any evidence—*i.e*., "some evidence." It was denied because, in the commission's view, there was no evidence on which the commission could rely to make an award. The commission asserts that it cannot specify evidentiary reliance where there was none.

{¶ 10} The commission's position makes sense, theoretically, but its argument, on closer review, is undermined by the order's ambiguity. The order's reference to "insufficient medical proof" implies that the wage-loss denial was indeed premised on "no evidence." Conversely, its emphasis on claimant's ability to return to her former job and citation to evidence that specifically so states, suggest that the commission indeed relied on "some evidence" that was not expressly designated as such. Generally, such a lack of clarity would justify a return of the cause to the commission for further consideration and amended order.

**{¶ 11}** We decline, however, to return the cause because of the nature of the evidence before us. The lack of "some evidence" supporting the denial of compensation is not automatically "some evidence" supporting its award. *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105. In this case, further consideration is pointless, since *none* of the medical evidence could support a wage-loss award.

**{¶ 12}** Dr. Gonzalez's report does not support a wage-loss award because he attributes claimant's physical problems to congenital conditions unrelated to the industrial injury. Dr. Vamvas's assessment of claimant's physical abilities cannot further claimant's position, since Dr. Vamvas's conclusions were inherently rejected when the commission discontinued temporary total disability compensation. *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87. *Zamora* also prohibits reliance on Dr. Graneto's 1990 report.

**{¶ 13}** Dr. Graneto's 1991 report is also insufficient to support a wage-loss payment. While the report states that claimant can do sedentary work, it does not state that she is *restricted* to such work. Without such a declaration, Dr. Graneto does not substantiate the existence of any medical impairment because his report does not eliminate the possibility that claimant can do more strenuous work. If claimant, for example, is now able to do everything that she did before the injury, her assertion of an injury-related impairment lacks persuasiveness.

**{¶ 14}** Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, PFEIFER and COOK, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., dissent.

---

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 15} The majority opinion makes it crystal clear why the judgment of the court of appeals should be affirmed. The majority states that "[t]he commission's position makes sense, theoretically, but its argument, on closer review, is undermined by the order's ambiguity." That is the precise reason that the court of appeals deemed it necessary for the writ to be granted so that the commission may issue an amended order. Thus, for all the reasons put forth by the court of appeals and the majority, it is imperative that this matter be returned to the commission for clarification of its order. I would, therefore, affirm the judgment of the court of appeals in its entirety.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.

————————————