THE STATE EX REL. PLEBAN, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Pleban v. Indus. Comm.*
(1997), 78 Ohio St.3d 406.]

(No. 95–231—Submitted March 4, 1997—Decided May 14, 1997.)

*Seaman & Associates Co., L.P.A.*, and *Michael I. Madden*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Melanie Cornelius*, Assistant Attorney General, for appellee.

*Per Curiam.* This controversy stems largely from a confusing regional board order. The order vacated the finding of permanency underlying the denial of compensation without vacating the denial itself. To the contrary, it specifically "[a]ffirmed [the order in] all other respects."

Claimant essentially argues that the vacation of the permanency finding compels the issuance of temporary total disability compensation. This is incorrect. The lack of "some evidence" supporting a denial of temporary total disability compensation does not equate to "some evidence" supporting its award. *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105. Claimant still has the burden of establishing the requisite elements of temporary total disability. In this case, Dr. Miller certified claimant as able to return to his former position of employment as of January 2, 1990. Since an ability to return to the former position precludes temporary total disability (*State ex rel. Ramirez v. Indus. Comm.* [1982], 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586), claimant cannot establish an entitlement to temporary total disability compensation from January 2, 1990 through July 18, 1990.

Dr. Miller does certify claimant as temporarily and totally disabled from November 17, 1989 through January 1, 1990. His certification of claimant's

inability to return to his former position of employment is uncontested. Dr. Vidu's statement that claimant is "not at TT" is too ambiguous to support a conclusion that claimant can work. The phrase "not at TT" could also mean that claimant's condition is "permanent"—a term that Vidu uses elsewhere in his report.

It is the status of claimant's condition—permanent or temporary—which will determine claimant's entitlement to temporary total disability compensation from November 17, 1989 through January 1, 1990. The district hearing officer found the condition to be permanent. The board found that it was not, but did not explain how or upon what evidence it reached that conclusion. That, in turn, prompted a return of the cause to the commission by the appellate court. We find such relief to be inappropriate.

*State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, dispensed with further consideration where the facts dictated but one finding—that of disability. Examination of the record reveals a similar situation here. Claimant's prior permanent partial disability award cannot be "some evidence" supporting termination of temporary total disability compensation on a permanency basis. *State ex rel. Kaska v. Indus. Comm.* (1992), 63 Ohio St.3d 743, 591 N.E.2d 235. Likewise, because Drs. Ljuboja and Fierra examined claimant expressly for the purpose of assessing permanent partial disability, their reports are not "some evidence" supporting the denial of temporary total disability compensation. Finally, Dr. Vidu's report is not "some evidence" supporting permanency from November 17, 1989 through January 1, 1990, since he did not examine claimant until June 18, 1990. *State ex rel. Case v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E.2d 30.

The elimination of this evidence leaves Dr. Miller's report as the only probative evidence on the permanency of claimant's condition from November 17, 1989 through January 1, 1990. As such, it is unnecessary to return the cause to the commission for evidentiary enumeration. Since no contrary result is possible, a *Mitchell* "remand," in this instance, will serve no purpose.

The judgment of the court of appeals is hereby reversed and a limited writ of mandamus is granted. Temporary total disability compensation is ordered paid to claimant from November 17, 1989 through January 1, 1990, but is denied from January 2, 1990 through July 18, 1990.

*Judgment reversed*
*and limited writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.