[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 406.]

THE STATE EX REL. PLEBAN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Pleban v. Indus. Comm.*, 1997-Ohio-26.]

*Workers' compensation—Application for temporary total disability compensation—Claimant's prior permanent partial disability award cannot be "some evidence" supporting termination of temporary total disability compensation on a permanency basis.*

(No. 95-231--Submitted March 4, 1997--Decided May 14, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD01-60.

_____

{¶ 1} In 1987, appellant-claimant, Richard J. Pleban, Jr., injured his low back in the course of and arising from his employment with Lawnco, Inc. Claimant subsequently moved appellee, Industrial Commission of Ohio, for determination of his permanent partial disability pursuant to R.C. 4123.57. Claimant was examined by Dr. Lydia Ljuboja on April 20, 1989, and found to have a thirty-five percent permanent partial disability. On July 28, 1989, based on the report of Dr. J.J. Fierra, a district hearing officer found claimant to have a twenty-two percent permanent partial disability, and compensation was paid.

{¶ 2} In December 1989, claimant filed a C86 motion requesting temporary total disability compensation commencing November 17, 1989. Claimant also filed a C85-A claim reactivation form that sought the same thing. On the claim reactivation form, Dr. Brian Miller reported that he had seen claimant on November 17, 1989, that claimant had temporary total disability, and that the disability was due to claimant's industrial injury.

{¶ 3} On June 18, 1990, claimant was examined by Dr. I. Vidu. Dr. Vidu concluded:

"Based on history, physical examination, subjective and objective findings, data available, utilization of the AMA Impairment Guidelines, it is the opinion of this examiner that the claimant is not at TT right now. His condition has become permanent."

{¶ 4} On July 18, 1990, a commission district hearing officer denied compensation, writing:

"[The] District Hearing Officer orders claimant's request for temporary total from 11/17/89 to present denied based on a prior 22% permanent partial disability determination and Dr. Vidu's 7/3/90 examination [*sic*, report] that claimant is not temporary total and claimant's 10/2/87 injury has become permanent."

{¶ 5} A regional board of review modified the order:

"The Board orders [the] District Hearing Officer's order of 7/18/90 modified. [The] Board finds that claimant's condition has not reached permanency and that claimant returned to work with another employer on 7/19/90. Affirmed [in] all other respects.

"The order here is based on the evidence in the file and/or evidence adduced at the hearing."

{¶ 6} Staff hearing officers affirmed the board without comment.

{¶ 7} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the regional board's vacation of the permanency finding constituted a declaration that claimant was temporarily and totally disabled. The court of appeals disagreed, but found that because the board's order did not identify the evidence on which it relied to vacate the permanency finding, it violated *State ex rel. Mitchell v. Robbins & Myers, Inc*. (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. The court of appeals thus returned the cause to the commission to vacate its order denying compensation and issue an amended order identifying the evidence on which it relied.

{¶ 8} This cause is now before this court upon an appeal as of right.

_____

*Seaman & Associates Co., L.P.A.*, and *Michael I. Madden*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Melanie Cornelius*, Assistant Attorney General, for appellee.

_____

*Per Curiam*.

{¶ 9} This controversy stems largely from a confusing regional board order. The order vacated the finding of permanency underlying the denial of compensation without vacating the denial itself. To the contrary, it specifically "[a]ffirmed [the order in] all other respects."

{¶ 10} Claimant essentially argues that the vacation of the permanency finding compels the issuance of temporary total disability compensation. This is incorrect. The lack of "some evidence" supporting a denial of temporary total disability compensation does not equate to "some evidence" supporting its award. *State ex rel. Lampkins v. Dayton Malleable, Inc*. (1989), 45 Ohio St. 3d 14, 542 N.E.2d 1105. Claimant still has the burden of establishing the requisite elements of temporary total disability. In this case, Dr. Miller certified claimant as able to return to his former position of employment as of January 2, 1990. Since an ability to return to the former position precludes temporary total disability (*State ex rel. Ramirez v. Indus. Comm*. [1982], 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586), claimant cannot establish an entitlement to temporary total disability compensation from January 2, 1990 through July 18, 1990.

{¶ 11} Dr. Miller does certify claimant as temporarily and totally disabled from November 17, 1989 through January 1, 1990. His certification of claimant's inability to return to his former position of employment is uncontested. Dr. Vidu's statement that claimant is "not at TT" is too ambiguous to support a conclusion that

claimant can work. The phrase "not at TT" could also mean that claimant's condition is "permanent"—a term that Vidu uses elsewhere in his report.

{¶ 12} It is the status of claimant's condition—permanent or temporary—which will determine claimant's entitlement to temporary total disability compensation from November 17, 1989 through January 1, 1990. The district hearing officer found the condition to be permanent. The board found that it was not, but did not explain how or upon what evidence it reached that conclusion. That, in turn, prompted a return of the cause to the commission by the appellate court. We find such relief to be inappropriate.

{¶ 13} *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, dispensed with further consideration where the facts dictated but one finding -- that of disability. Examination of the record reveals a similar situation here. Claimant's prior permanent partial disability award cannot be "some evidence" supporting termination of temporary total disability compensation on a permanency basis. *State ex rel. Kaska v. Indus. Comm*. (1992), 63 Ohio St.3d 743, 591 N.E.2d 235. Likewise, because Drs. Ljuboja and Fierra examined claimant expressly for the purpose of assessing permanent partial disability, their reports are not "some evidence" supporting the denial of temporary total disability compensation. Finally, Dr. Vidu's report is not "some evidence" supporting permanency from November 17, 1989 through January 1, 1990, since he did not examine claimant until June 18, 1990. *State ex rel. Case v. Indus. Comm*. (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E.2d 30.

{¶ 14} The elimination of this evidence leaves Dr. Miller's report as the only probative evidence on the permanency of claimant's condition from November 17, 1989 through January 1, 1990. As such, it is unnecessary to return the cause to the commission for evidentiary enumeration. Since no contrary result is possible, a *Mitchell* "remand," in this instance, will serve no purpose.

**{¶ 15}** The judgment of the court of appeals is hereby reversed and a limited writ of mandamus is granted. Temporary total disability compensation is ordered paid to claimant from November 17, 1989 through January 1, 1990, but is denied from January 2, 1990 through July 18, 1990.

*Judgment reversed*
*and limited writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____