THE STATE EX REL. HALL, APPELLANT, *v.* MARION
DRESSER INDUSTRIES, INC. ET AL., APPELLEES.

[Cite as *State ex rel. Hall v. Marion Dresser Industries, Inc.* (1997), 79 Ohio St.3d 540.]

(No. 95–642—Submitted July 7, 1997—Decided October 1, 1997.)

*Barkan & Neff Co., L.P.A.,* and *Merl H. Wayman,* for appellant.

*Vorys, Sater, Seymour & Pease, Robert A. Minor* and *Theodore P. Mattis,* for appellee Marion Dresser Industries, Inc.

*Betty D. Montgomery,* Attorney General, and *Cheryl J. Nester,* Assistant Attorney General, for appellee Industrial Commission.

---

*Per Curiam.* Our evidentiary analysis is hampered by ambiguity in both the commission's order and Dr. Fallon's supplemental report, which ultimately obscures the scope of our review. Three aspects of these documents are particularly confusing.

First, it is unclear whether the commission also found claimant able to return to his former position of employment. While the commission's order specified that maximum medical improvement had occurred, it also noted that claimant's disability was "not 'total.' "

Second, the record is insufficient to enable us to determine whether Dr. Fallon's recommended lifting restriction was consistent with claimant's former duties so as to permit him to return to work. If an ability to work was not a secondary basis for the commission's denial of compensation, the commission's order, as it reads, does not allow us to eliminate this consideration as immaterial.

Finally, Dr. Fallon's indication that claimant is "Not TT," coupled with a lack of explanation for that statement, renders the statement ambiguous. As we recognized in *State ex rel. Pleban v. Indus. Comm.* (1997), 78 Ohio St.3d 406, 678 N.E.2d 562, the phrase "not at TT," standing alone, can denote either an ability to work or maximum medical improvement.

Accordingly, we vacate the commission's order and return the cause to it for further consideration and amended order, and reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, COOK and LUNDBERG STRATTON, JJ., dissent.

COOK, J., dissenting. I respectfully dissent. I would affirm the judgment of the court of appeals because "some evidence" supports the finding that Mr. Hall's allowed condition has become permanent.

PFEIFER and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.