[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 540.]

THE STATE EX REL. HALL, APPELLANT, *v*. MARION DRESSER INDUSTRIES, INC., ET AL., APPELLEES.

[Cite as *State rel Hall v. Marion Dresser Industries, Inc.*, 1997-Ohio-134.]

*Workers' compensation—Denial of temporary total disability compensation by Industrial Commission vacated by Supreme Court—Cause returned to commission for further consideration and amended order, when.*

(No. 95-642—Submitted July 7, 1997—Decided October 1, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD12-1718.

_____

{¶ 1} Appellant-claimant, Paul E. Hall, injured his lower back in the course of and arising from his employment with appellee Marion Dresser Industries, Inc. ("Dresser"), a self-insured employer. Dresser began paying temporary total disability compensation to claimant shortly thereafter.

{¶ 2} In July 1991, Dresser moved appellee Industrial Commission of Ohio for permission to terminate claimant's temporary total disability compensation. This request was based on the report of Dr. John W. Cunningham, who found claimant able to return to his former job, but with a fifty-pound lifting restriction.

{¶ 3} A commission district hearing officer ordered claimant to submit to a medical examination with a reset hearing to follow. The district hearing officer also found that claimant remained temporarily and totally disabled, and continued compensation to the date of the reset hearing based on Dr. Landefeld's C-84 supplemental report dated August 6, 1991.

{¶ 4} On February 4, 1992, the claimant was examined on the commission's behalf by Dr. Timothy J. Fallon, who concluded:

"We have an individual who currently is 54 yrs. of age and worked for a 12 day period 1 1/2 mos. ago but indicates that he was unable to continue to work

because of back pain.  I note that it has been recommended that he have an MRI and that it was done but I do not have a report of the MRI in the file to review and I think it is important to rule out any underlying surgical lesion to determine the permanency of this condition.

"In the meantime, he remains temporarily totally impaired and a copy of the MRI report should be obtained and I can review that and update the report at that time."

{¶ 5} On July 21, 1992, a regional board of review affirmed the district hearing officer's order without comment.  During the pendency of Dresser's appeal to commission staff hearing officers, Dr. Fallon examined claimant's MRI results.  He issued a supplemental opinion, which stated:

"MRI of 8/26/91 revealed degen[erative] discs L4[-]5 & L5[-]S1, but no herniation.  Could return to work activity with a # 35 lifting restriction.  Not TT."

{¶ 6} Staff hearing officers, on October 6, 1993, ultimately modified the regional board's order, writing:

"* * * Temporary Total Disability is terminated effective 10/6/93.  The claimant has reached maximum medical improvement and his condition has become permanent.  This order is based on the supplemental review by Dr. Fallon.  Dr. Fallon indicated the claimant's condition was not 'temporary' and not 'total,' after a review of the MRI of 8/26/91 and other medical evidence in the claim file."

{¶ 7} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying temporary total disability compensation.  After finding that the order was supported by "some evidence," the court of appeals denied the writ.

{¶ 8} The cause is now before this court upon an appeal as of right.

_____

*Barkan & Neff Co., L.P.A.*, and *Merl H. Wayman*, for appellant.

*Vorys, Sater, Seymour & Pease, Robert A. Minor* and *Theodore P. Mattis*, for appellee Marion Dresser Industries, Inc.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester,* Assistant Attorney General, for appellee Industrial Commission.

_____

***Per Curiam.***

**{¶ 9}** Our evidentiary analysis is hampered by ambiguity in both the commission's order and Dr. Fallon's supplemental report, which ultimately obscures the scope of our review. Three aspects of these documents are particularly confusing.

**{¶ 10}** First, it is unclear whether the commission also found claimant able to return to his former position of employment. While the commission's order specified that maximum medical improvement had occurred, it also noted that claimant's disability was "not 'total.'"

**{¶ 11}** Second, the record is insufficient to enable us to determine whether Dr. Fallon's recommended lifting restriction was consistent with claimant's former duties so as to permit him to return to work. If an ability to work was not a secondary basis for the commission's denial of compensation, the commission's order, as it reads, does not allow us to eliminate this consideration as immaterial.

**{¶ 12}** Finally, Dr. Fallon's indication that claimant is "Not TT," coupled with a lack of explanation for that statement, renders the statement ambiguous. As we recognized in *State ex rel. Pleban v. Indus. Comm*. (1997), 78 Ohio St.3d 406, 678 N.E.2d 562, the phrase "not at TT," standing alone, can denote either an ability to work or maximum medical improvement.

**{¶ 13}** Accordingly, we vacate the commission's order and return the cause to it for further consideration and amended order, and reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, COOK and LUNDBERG STRATTON, JJ., dissent.

—————————————

**COOK, J., dissenting.**

{¶ 14} I respectfully dissent. I would affirm the judgment of the court of appeals because "some evidence" supports the finding that Mr. Hall's allowed condition has become permanent.

PFEIFER and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.

—————————————