[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 407.]

THE STATE EX REL. MCCLAIN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. McClain v. Indus. Comm.*, 2000-Ohio-208.]

*Workers' compensation—Industrial Commission does not abuse its discretion in denying temporary total disability compensation, when.*

(No. 99-419–Submitted July 6, 2000—Decided August 9, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-52.

_____

{¶ 1} Appellant-claimant, Jack E. McClain, was injured on July 26, 1997, while employed as a truck driver for appellee White Swan, Inc. A workers' compensation claim was allowed for "lumbar sprain." Claimant continued working thereafter and did not seek treatment until approximately one month later. Dr. Charles B. May saw claimant for his back condition in late August and early September 1997. Dr. May placed no restrictions on claimant's ability to work.

{¶ 2} On September 4, 1997, claimant arrived for work. Claimant exhibited signs of alcohol consumption and was sent to an urgent medical care facility for testing. Tests confirmed alcohol consumption. Pursuant to White Swan's substance abuse policy for its drivers, claimant was terminated the following day.

{¶ 3} On September 25, 1997, claimant moved the Bureau of Workers' Compensation for temporary total disability compensation ("TTC") from September 4, 1997 through September 25, 1997, alleging that shortly after his alcohol test, his back began acting up. A district hearing officer of appellee Industrial Commission of Ohio denied compensation, writing:

"Claimant had not been disabled from work prior to 09/04/1997 for the injury that was sustained on 07/26/1997. Claimant had continued to work in his regular position of employment as a driver. On 09-04-97 claimant reported to work

and it was suspected that he was under the influence of alcohol. He consented to be tested and when this was confirmed positive the employer terminated the employment relationship. The employer explained that they could not tolerate an employee who would report to work to drive a company vehicle while under the influence of alcohol.

"Claimant argued that he had been having increasing problems with his back and that the stress of the alcohol test made his back 'tighten up.' The office notes from Dr. May do confirm prior treatment on 08/21, 08/28, 08/29, 09/02, and then on 09/05. However, these notes do not relate a worsening of the condition to support the need to take claimant off work for a period now extending to almost 2 months. No medical explanation is given as to how claimant could continue to work up until 09/04/1997 but could not work further after this unrelated termination.

"This decision is supported by [*State ex rel.*] *Smith v. Superior's Brand Meats, Inc.* (1996), 76 Ohio St.3d 408 [667 N.E.2d 1217]. Claimant's actions wherein he reported to work and presented himself as able to drive the employer's vehicle but while under the influence of alcohol constitut[e] a voluntary act. The employer's termination is therefore a voluntary separation from the former position of employment that precludes the payment of Temporary Total Compensation."

{¶ 4} A staff hearing officer affirmed, adding:

"It is further noted [that] the claimant initially started working on 09/04/1997 without apparent disability until the issue of suspected influence of alcohol arose. It was only after he was referred to, and had, an alcohol level test that he alleged disability. In light of this[,] the allegation of disability, and medical reports supporting such, are not found persuasive."

{¶ 5} Further appeal was refused.

**{¶ 6}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying TTC. The court of appeals disagreed and denied the writ.

**{¶ 7}** This cause is now before this court upon an appeal as of right.

_____

*Dean G. Reinhard Co., L.P.A*., and *Charles Zamora*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee Industrial Commission.

*Porter, Wright, Morris & Arthur* and *Adele E. O'Conner*, for appellee White Swan, Inc.

_____

***Per Curiam.***

**{¶ 8}** We are asked to determine whether the commission abused its discretion in denying TTC. Because we find that it did not, we affirm the judgment of the court of appeals.

**{¶ 9}** The commission alone is responsible for evaluating evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Here, the commission examined the totality of circumstances and rejected claimant's assertion of a sudden onset of temporary total disability coinciding with his violation of White Swan's substance abuse policy.

**{¶ 10}** The commission acknowledged claimant's medical treatment prior to his termination but stressed that his allowed condition had not prevented him from working before then. The commission further emphasized that claimant reported for his regular shift on September 4, 1997, and did not complain of any work-prohibitive problems at that time. It was only after claimant tested positive for alcohol consumption that his condition suddenly became work-prohibitive.

Based on this evidence, the commission did not abuse its discretion in denying TTC.

{¶ 11} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————