THE STATE EX REL. MCCLAIN, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. McClain v. Indus.
Comm.* (2000), 89 Ohio St.3d 407.]

(No. 99–419—Submitted July 6, 2000—Decided August 9, 2000.)

*Dean G. Reinhard Co., L.P.A.,* and *Charles Zamora,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellee Industrial Commission.

*Porter, Wright, Morris & Arthur* and *Adele E. O'Conner,* for appellee White Swan, Inc.

---

***Per Curiam.*** We are asked to determine whether the commission abused its discretion in denying TTC. Because we find that it did not, we affirm the judgment of the court of appeals.

The commission alone is responsible for evaluating evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Here, the commission examined the totality of circumstances and rejected claimant's assertion of a sudden onset of temporary total disability coinciding with his violation of White Swan's substance abuse policy.

The commission acknowledged claimant's medical treatment prior to his termination but stressed that his allowed condition had not prevented him from

working before then. The commission further emphasized that claimant reported for his regular shift on September 4, 1997, and did not complain of any work-prohibitive problems at that time. It was only after claimant tested positive for alcohol consumption that his condition suddenly became work-prohibitive. Based on this evidence, the commission did not abuse its discretion in denying TTC.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.