[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 247.]

THE STATE EX REL. SCHACK, APPELLANT, *v.* INDUSTRIAL COMMISSION OF
OHIO, APPELLEE.

[Cite as *State ex rel. Schack v. Indus. Comm*., 2001-Ohio-1337.]

*Workers' compensation—Claimant who leaves former position of employment for
a new position does not forfeit temporary total disability compensation
eligibility—Court of appeals' judgment reversed on authority of State ex
rel. Baker v. Indus. Comm.*

(No. 00-1352—Submitted July 17, 2001—Decided September 26, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-941.

————————————

*Per Curiam*.

{¶ 1} Appellant-claimant, Gerald K. Schack, injured his low back in 1990
while working for the city of Geneva. His workers' compensation claim was
allowed, with claimant missing approximately a year and a half of work. He was,
however, eventually able to return to his former job after surgery.

{¶ 2} On May 2, 1994, claimant gave to his employer a formal letter of
resignation, listing his "official retirement date" as August 31, 1994. All agree that
claimant resigned pursuant to the terms of a negotiated lawsuit between claimant
and his employer.

{¶ 3} In 1995, claimant got another job as a tow motor operator. On January
22, 1999, he moved appellee Industrial Commission of Ohio for temporary total
disability compensation ("TTC"), alleging that he was no longer able to do that job
because of his industrial injury. Both claimant's attending physician and an
examining commission doctor agreed that claimant was temporarily unable to
operate a tow motor.

{¶ 4} A Staff Hearing Officer ("SHO") denied TTC, writing:

"The claimant voluntarily removed himself from his former position of employment when he submitted his formal resignation dated 5/2/94 effective 8/31/94.

"In summary, the Staff Hearing Officer finds and orders that claimant did not quit his employment due to the allowed conditions for which this claim has been recognized and is no longer eligible for temporary total benefits."

**{¶ 5}** Further hearing was denied.

**{¶ 6}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying TTC. The court of appeals upheld the commission's decision, prompting claimant's appeal to this court as of right.

**{¶ 7}** After the court of appeals' decision issued, we decided *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355. *Baker* modified the longstanding principle that voluntary abandonment of the former position of employment foreclosed TTC. The case at bar involves the syllabus language highlighted below:

"When a claimant who is medically released to return to work following an industrial injury leaves his or her former position of employment *to accept another position of employment*, the claimant is eligible to receive temporary total disability compensation pursuant to R.C. 4123.56(A) should the claimant reaggravate the original industrial injury while working at his or her new job."

**{¶ 8}** All agree that claimant did not depart because he had a better job waiting in the wings. He left pursuant to a negotiated settlement agreement. The commission asserts that because other employment did not motivate claimant to quit, *Baker* does not apply. Claimant contends that so long as his decision to leave his former position of employment was followed by another job—as opposed to abandonment of the entire labor market—*Baker* controls.

**{¶ 9}** We agree with claimant. *Baker* returns the focus of analysis to the disabling effects of a claimant's injury rather than upon—as it has been over the last several years—a claimant's decision to leave the job at which he or she was injured. This is consistent with the purpose of the workers' compensation system—to compensate employees for the disability incurred by workplace injury.

**{¶ 10}** In this case, claimant obtained other employment after leaving the city of Geneva. Medical evidence is consistent in certifying that claimant is medically unable to return to his new job due to his industrial injury. Because there was no abandonment of the labor market, we hereby find that *Baker* preserves claimant's TTC eligibility.

**{¶ 11}** The judgment of the court of appeals should be reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Urban Co., L.P.A*., and *Anthony P. Christine*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Dennis H. Behm*, Assistant Attorney General, for appellee.

————————————