[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 245.]

THE STATE EX REL. KITTS, APPELLANT, *v*. MANCAN, INC. ET AL., APPELLEES.

[Cite as *State ex rel. Kitts v. Mancan, Inc.*, 2002-Ohio-788.]

*Workers' compensation—Court of appeals' judgment affirmed.*

(No. 99-1938—Submitted December 11, 2001—Decided February 13, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-1281.

————————————

{¶ 1} The judgment of the court of appeals is affirmed.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and PFEIFER, JJ., dissent.

————————————

**PFEIFER, J., dissenting.**

{¶ 2} I agree with the majority's implicit ruling that Kitts can be fired for refusing a drug test. Irrespective of his refusal to be tested, however, Kitts should not be disqualified from receiving an appropriate level of compensation for his injuries.

{¶ 3} Kitts's dismissal, which is considered voluntary because he violated a company policy with knowledge that his conduct could result in discharge, precludes him from collecting compensation for temporary total disability. *State ex rel. McKnabb v. Indus. Comm.* (2001), 92 Ohio St.3d 559, 752 N.E.2d 254. However, Kitts should be eligible to pursue compensation for permanent total disability, if his injuries warrant it. See *State ex rel. Reliance Elec. Co. v. Wright* (2001), 92 Ohio St.3d 109, 111, 748 N.E.2d 1105, 1108 (voluntary abandonment of employment precludes permanent total disability award only when claimant abandons entire job market, *e.g.*, by retiring). The work-related nature of the injury

is not at issue; the self-insured employer was ordered to pay Kitts's medical expenses.

**{¶ 4}** Manpower presented the following authorization statement to Kitts for his signature immediately prior to his scheduled drug test:

"I understand that if I fail to pass the drug screening test I will be terminated immediately. I also understand that I must submit to a substance abuse test upon claim to an injury or an accident, and that failure to submit to this test will result in immediate termination. A delay in submitting to this test, or tampering with the test, will also result in my immediate termination. If I fail to comply with this policy Manpower will not approve payment of my worker's compensation claim. If I fail to pass the drug screen, Manpower will not approve payment of my worker's compensation claim."

**{¶ 5}** Kitts refused to sign. Presenting this misleading statement to Kitts for his signature was unscrupulous. The statement implies that Manpower can prevent Kitts from receiving payments to which Kitts may be statutorily entitled.

**{¶ 6}** I dissent.

RESNICK, J., concurs in the foregoing dissenting opinion.

————————————

*Barkan & Neff, L.P.A.,* and *Robert E. DeRose*, for appellant.

*Porter, Wright, Morris & Arthur, L.L.P.,* and *Brian D. Hall*, for appellee Mancan, Inc.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester*, Assistant Attorney General, for appellee Industrial Commission of Ohio.

————————————