THE STATE EX REL. DANIELS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Daniels v. Indus. Comm.,* 99 Ohio St.3d 282, 2003-Ohio-3626.]

(No. 2002–1580—Submitted May 13, 2003—Decided July 23, 2003.)

---

**Per Curiam.**

{¶ 1} In late 1999, appellant-claimant John Daniels began experiencing increasing problems with his hands. He continued working until forced from his job by pain on January 24, 2000. The next day, Dr. M.J. Felter diagnosed bilateral carpal tunnel syndrome, prompting claimant's workers' compensation application shortly thereafter.

{¶ 2} On February 21, 2000, Dr. Felter wrote:

{¶ 3} "Patient may return to light duty work only with no repetitive lifting with the right arm[.] If not available then he will need to be off work till approx. 03/09/00."

{¶ 4} Claimant's employer, appellee Industrial Powder Coatings ("IPC"), had no light duty available from February 11, 2000, through March 9, 2000, and temporary total disability compensation ("TTC") was eventually ordered for that period. However, when claimant was released to return to his former position of employment without restriction on March 9, he did not return, did not contact IPC, and did not immediately file medical evidence extending his date of disability. As a result, he was fired pursuant to a written company policy that made unexcused absences a dischargeable offense.

{¶ 5} Appellee Industrial Commission of Ohio denied TTC subsequent to March 9 after concluding that claimant's firing constituted a voluntary departure from his employment. Finding the decision to be supported by evidence, the Court of Appeals for Franklin County upheld the order.

{¶ 6} This cause is now before this court upon an appeal as of right.

{¶ 7} The effect of a departure from employment on TTC eligibility depends on (1) whether the departure was voluntary, *State ex rel. Rockwell Interntl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678, and (2) whether the claimant was later forced from different employment by aggravation of the same industrial injury. *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355; *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51. This is true regardless of whether the separation was caused by a quitting or a firing. *Baker; McCoy.*

{¶ 8} Since the present claimant was not removed from subsequent employment, TTC hinges on the voluntariness of his departure. If it is deemed voluntary, TTC over the period at issue is barred. *State ex rel. Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 517 N.E.2d 533. *State ex rel. Louisiana–Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 403, 650 N.E.2d 469, deemed a voluntary departure a firing that was "generated by the claimant's violation of a written work rule or policy that (1) clearly defined the prohibited conduct, (2) had been previously identified by the employer as a dischargeable offense, and (3) was known or should have been known to the employee."

{¶ 9} Claimant contests the finding that his departure was voluntary, asserting that the work rule at issue was too ambiguous to satisfy *Louisiana–Pacific.* This argument fails. The rule clearly states that unexcused absences are subject to termination. Claimant was released to return to work on March 9, 2000, but he did not return, did not contact his employer, and did not contemporaneously

submit a doctor's slip extending the disability period. The commission did not, therefore, abuse its discretion in finding that claimant's absence was unexcused.

{¶ 10} Claimant makes much of the fact that IPC had no light-duty work within his restrictions. He ignores, however, that TTC was ordered for the period in which such work was unavailable *and* for which he had medical evidence indicating that it was the only work of which he was capable. The availability or unavailability of light-duty work became immaterial once claimant was released to return to his former job without restriction on March 9.

{¶ 11} Claimant also argues that the firing was ambiguous because he was not immediately fired after his unexcused absences, alluding to similarities between his case and *State ex rel. McKnabb v. Indus. Comm.* (2001), 92 Ohio St.3d 559, 752 N.E.2d 254. In *McKnabb,* the claimant was fired pursuant to a "strict" employer policy against tardiness. It was undisputed, however, that claimant had been late 15 to 20 times without repercussions before he was discharged. That motivated us to question whether claimant's tardiness became an issue only after he had filed a workers' compensation claim and requested TTC. We emphasized the " 'great potential for abuse in allowing a simple allegation of misconduct to preclude temporary total disability compensation.' " Id. at 561, 752 N.E.2d 254, quoting *State ex rel. Smith v. Superior's Brand Meats, Inc.* (1996), 76 Ohio St.3d 408, 411, 667 N.E.2d 1217.

{¶ 12} Repeating this concern, the claimant stresses the interval between his failure to return and his notification of discharge. He questions whether his firing was prompted by the allowance of what had been a contested workers' compensation claim. Claimant's position, however, is undermined by the commission's determination that any delay in notification was attributable to the claimant. IPC personnel testified that claimant failed to keep the company informed of his address and telephone number.

{¶ 13} Claimant last alleges that, unlike the claimant in *Louisiana–Pacific*, he ' did not know that his failure to return to work after March 9 would result in his termination, since he believed that there was no job to which he could return. His argument lacks merit because the lack of light-duty work is irrelevant to the fact that claimant's regular job was there for him to return to when he received a full release on March 9.

{¶ 14} The commission's order was supported by evidence from which it could conclude that claimant's departure was voluntary. Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

COOK, J., not participating.

Pencheff & Fraley Co., L.P.A., and Mark Heinzerling, for appellant.

Jim Petro, Attorney General, and Dennis H. Behm, Assistant Attorney General, for appellee Industrial Commission.

Hanna, Campbell & Powell, L.L.P., and Lori A. Fricke, for appellee Industrial Powder Coatings, Inc.