THE STATE EX REL. HAMMER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Hammer v. Indus. Comm.,* 99 Ohio St.3d 334, 2003-Ohio-3960.]

(No. 2002–1632—Submitted June 24, 2003—Decided August 6, 2003.)

**Per Curiam.**

{¶ 1} Appellant-claimant, Ronald J. Hammer Sr., was a security officer for Continental Secret Service Bureau, Inc. On November 11, 1999, he acknowledged receiving an employee handbook that stated that sexually inappropriate comments and gestures were prohibited by the employer and could result in discharge. On March 23, 2000, claimant received a warning for violating that rule.

{¶ 2} On January 17, 2001, claimant hurt his left shoulder in the course of his employment. A workers' compensation claim was allowed, and temporary total disability compensation ("TTC") was paid for the two days of work missed immediately after the injury. He returned on January 20, 2001, and continued to

work until he was fired for a second incident of inappropriate comments. There is no evidence that claimant secured other employment thereafter.

{¶ 3} Claimant's shoulder eventually required surgery, and claimant sought TTC following the procedure. Appellee Industrial Commission of Ohio denied the request after finding that claimant's termination comported with *State ex rel. Louisiana–Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 650 N.E.2d 469, and was hence deemed voluntary, barring TTC.

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying TTC. The court of appeals disagreed and denied the writ, prompting an appeal to this court as of right.

{¶ 5} *State ex rel. Daniels v. Indus. Comm.*, 99 Ohio St.3d 282, 2003-Ohio-3626, 791 N.E.2d 440, ¶ 7–8, recently synthesized past decisions on the effect of firing on TTC:

{¶ 6} "The effect of a departure from employment on TTC eligibility depends on (1) whether the departure was voluntary, *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678, and (2) whether the claimant was later forced from different employment by aggravation of the same industrial injury. *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355; *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51. This is true regardless of whether the separation was caused by a quitting or a firing. *Baker; McCoy.*

{¶ 7} "Since the present claimant was not removed from subsequent employment, TTC hinges on the voluntariness of his departure. If it is deemed voluntary, TTC over the period at issue is barred. *State ex rel. Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 517 N.E.2d 533. *State ex rel. Louisiana–Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 403, 650 N.E.2d 469, deemed a voluntary departure a firing that was 'generated by the claimant's violation of a written work rule or policy that (1) clearly defined the prohibited conduct, (2) had been previously identified by the employer as a dischargeable offense, and (3) was known or should have been known to the employee.'"

{¶ 8} The claimant in this case does not dispute that his firing comported with *Louisiana–Pacific,* nor does he allege that he was removed from subsequent employment by his allowed conditions. Accordingly, he is disqualified from TTC over the period requested.

{¶ 9} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Gallon & Takacs Co., L.P.A., and Theodore A. Bowman, for appellant.

Jim Petro, Attorney General, and Thomas L. Reitz, Assistant Attorney General, for appellee Industrial Commission.