STATE of Ohio ex rel. SMITH

v.

YELLOW FREIGHT SYSTEM, INC., et al.

[Cite as *State ex rel. Smith v. Yellow Freight Sys., Inc.,* 170 Ohio App.3d 178, 2006-Ohio-5086.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–729.

Decided Sept. 29, 2006.

Philip L. Harmon, for relator.

Thomas & Company, L.P.A., William R. Thomas, and Jennifer L. Myers, for respondent Yellow Freight System, Inc.

Jim Petro, Attorney General, and Gerald H. Waterman, for respondent Industrial Commission of Ohio.

McGRATH, Judge.

{¶ 1} In this original action, relator, Willie W. Smith Sr., requests a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order that denied relator's request for temporary total disability ("TTD") compensation on the basis that relator had been discharged from his employment and order the commission to find that he is entitled to that compensation.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) [1] and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate examined the evidence and issued a decision, including findings of fact and conclusions of law, recommending that this court grant the requested writ of mandamus. (Attached as an appendix.) Respondent Yellow Freight Systems, Inc. ("employer") filed objections to the magistrate's decision, raising the following as error:

[1] This Court improperly relied upon evidence that was not available at the time of the industrial commission hearings.

[2] This Court also improperly relied upon the Ohio Supreme Court's decision in *Pretty Products v. Industrial Commission,* 77 Ohio St.3d 5, 670 N.E.2d 466.

{¶ 3} Relator filed a partial objection to the magistrate's decision, as follows:

Relator Willie W. Smith agrees with the findings of fact and conclusions of law set forth within the magistrate's decision rendered January 31, 2006, except to the extent that the decision does not recommend an award of costs and attorney fees in favor of relator Smith.

{¶ 4} The magistrate made detailed findings of fact, and we adopt those findings as our own. Nonetheless, a brief recitation of the relevant facts is necessary for our analysis. While employed as a truck driver for respondent Yellow Freight, relator was injured on August 2, 2002, when he fell asleep while driving his truck and hit another vehicle. Five days after the accident, respondent Yellow Freight terminated relator's employment. Thereafter, on November 21, 2002, relator moved for TTD compensation. The staff hearing officer ("SHO") affirmed the denial by the district hearing officer ("DHO") of TTD compensation and explained that because of a violation of a work rule that relator knew or should have known would lead to termination, relator was deemed to have voluntarily abandoned his position of employment and thus was not entitled to TTD compensation.

{¶ 5} In her conclusions of law, the magistrate correctly set out the standards that we must use to determine whether to issue a writ in this case, and we also adopt those conclusions as our own.

{¶ 6} In the first objection, respondent asserts that the magistrate improperly relied on evidence that was not available at the time of the commission's hearings.

---

1. Civ.R. 53 was amended, effective July 1, 2006. Pursuant to Civ.R. 86(CC), the new amendments to Civ.R. 53 "govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies."

We find no merit to this objection. The magistrate included in her findings of fact that as a result of a hearing held on September 26, 2003, relator's termination was reduced to a suspension. We agree with respondent Yellow Freight that this is not relevant to the instant matter because it occurred after the conclusion of the commission's hearings. Nonetheless, there is no indication in the magistrate's decision that there was any reliance on this change. Therefore, respondent Yellow Freight's first objection is overruled.

{¶ 7} In the second objection, respondent contends that the magistrate improperly relied on the Supreme Court of Ohio's decision in *Pretty Prods. v. Indus. Comm.* (1996), 77 Ohio St.3d 5, 670 N.E.2d 466, in recommending that this court grant the requested writ of mandamus. We agree.

{¶ 8} Here, the magistrate's recommendation to grant the writ is based upon *Pretty Products* and this court's application of *Pretty Products* in *State ex rel. Gross v. Ind. Comm. of Ohio,* Franklin App. No. 04AP–756, 2005-Ohio-3936, 2005 WL 1806457. We find, however, that *Gross* is not applicable to the instant matter, as it is factually distinguishable. Further, as will be explained, we find that to apply *Pretty Products* to the case before us would extend its doctrine to an illogical end.

 {¶ 9} It is well established that a voluntary departure from employment generally bars TTD compensation, and an involuntary departure does not. It is equally well established that a discharge from employment may be "voluntary" in some circumstances. *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202. In *State ex rel. Louisiana–Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 650 N.E.2d 469, the Supreme Court of Ohio stated that when a worker has been discharged for violating a rule, the commission may conclude that the discharge constituted a voluntary relinquishment of employment if (1) the employer's rule or policy defined the prohibited conduct clearly in writing, (2) the rule or policy identified the violation as a dischargeable offense, and (3) the worker knew, or should have known, both the rule and the consequences of violating the rule or policy. Where a claimant has voluntarily relinquished his or her job, either by resigning or by abandoning it under *Louisiana–Pacific,* the claimant is deemed to have accepted the consequence of being without wages for a period of time and is not eligible to receive TTD compensation. See, e.g., *State ex rel. McKnabb v. Indus. Comm.* (2001), 92 Ohio St.3d 559, 752 N.E.2d 254.

 {¶ 10} The Supreme Court has cautioned, "a postinjury firing must be carefully scrutinized." Id. at 562, 752 N.E.2d 254. Cf. *State ex rel. Daniels v. Indus. Comm.,* 99 Ohio St.3d 282, 2003-Ohio-3626, 791 N.E.2d 440. The court also has emphasized the "great potential for abuse in allowing a simple allegation

of misconduct to preclude temporary total disability compensation. We therefore find it imperative to carefully examine the totality of the circumstances when such a situation exists." *State ex rel. Smith v. Superior's Brand Meats, Inc.* (1996), 76 Ohio St.3d 408, 411, 667 N.E.2d 1217.

{¶ 11} In *Pretty Products,* the issue was whether the claimant voluntarily abandoned her employment in failing to abide by the employer's work rules that required submission of an excuse slip for absences. The Supreme Court of Ohio, being unable to determine the commission's reasoning for granting TTD, ordered the commission to consider the matter further. Essentially, it was not possible for the court to determine whether the claimant's discharge was due to a violation of a work rule or was due to the claimant's injury itself, which would render the termination an involuntary abandonment of her employment.

{¶ 12} The key distinction in *Pretty Products,* however, was that the claimant had been receiving TTD compensation prior to the forbidden conduct of having unexcused absences from work. The last of the medical slips certified that the claimant could return to work on March 1, 1991. The claimant neither returned to work on March 1, 1991, nor produced an excuse slip that extended her disability. Consequently, she was terminated from her employment. The court explained that unlike the factual scenario in *Louisiana–Pacific,* in which the court found that there was "no evidence that the claimant's absences were due to industrial injury," in *Pretty Products* there was. In other words, in *Pretty Products,* the forbidden conduct, i.e., the unexcused absences, were possibly related to the injury for which the claimant had been receiving TTD compensation. In the case sub judice, the forbidden conduct, i.e., falling asleep while driving, though related in the sense that it caused relator's injury, was not due to an injury for which relator had been receiving TTD compensation.

{¶ 13} In *Gross,* this court applied *Pretty Products* and made an explicit finding that based on the evidence before it, the employer had fired the claimant "for his actions *because they caused injury.*" (Emphasis sic.) *Gross,* 2005-Ohio-3936, 2005 WL 1806457, at ¶ 11. That is not the circumstance before us. Rather, relator's termination letter states:

> [I]n accordance with Article 46 Over–the–Road Supplement Agreement of the National Master Freight Agreement and the Ohio Rider, you are hereby discharged from Yellow Transportation, Inc.

> This discharge is based on your accident of August 2, 2002.

{¶ 14} The application of *Pretty Products* and *Gross* to this matter would lead to anomalous results because if relator had not suffered injury but still had an accident caused by reckless conduct, his termination would be deemed a voluntary departure from his employment, but since he was injured, his termi-

nation becomes an involuntary departure. There is no evidence that relator was terminated because of his injuries. The only relation between the injury and the violation is that the latter caused the injury. We find that to apply *Pretty Products* to such cases would emasculate its intended purpose and allow a determination of involuntary departure in circumstances beyond what the Supreme Court of Ohio contemplated. We refuse to further extend the doctrine of *Pretty Products* so as to lead to an illogical result. Accordingly, we sustain respondent's second objection.

{¶ 15} Relator contends in his objection that the magistrate erred in failing to recommend an award of costs and attorney fees in his favor pursuant to R.C. 2335.39. However, given our disposition of respondent Yellow Freight's second objection, there is clearly no basis for an award of costs and attorney fees, and relator's objection is hereby overruled as moot.

{¶ 16} For the foregoing reasons, we overrule relator's single objection and overrule respondent Yellow Freight's first objection. We sustain respondent's second objection to the magistrate's decision and, accordingly, deny the requested writ of mandamus.

Writ denied.

PETREE, J., concurs.

FRENCH, J., concurs in part and dissents in part.

FRENCH, J., concurring in part and dissenting in part.

{¶ 17} I respectfully dissent in part. I would overrule respondent's second objection. Based on the precedent cited in the magistrate's decision, I would grant a limited writ requiring the commission to consider whether relator's termination was causally related to his injury.

APPENDIX

MAGISTRATE'S DECISION

Rendered January 31, 2006

{¶ 18} Relator, Willie W. Smith Sr., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order that denied relator's request for temporary total disability ("TTD") compensation on the basis that relator had been discharged from his employment and ordering the commission to find that he is entitled to that compensation.

Findings of Fact:

{¶ 19} 1. Relator sustained a work-related injury on August 2, 2002, when he was employed as a truck driver for respondent Yellow Freight System, Inc. It is undisputed that relator fell asleep while driving his truck and hit another vehicle. Relator's workers' compensation claim has been allowed for "contusion left forearm; sprain right wrist; sprain of neck; sprain lumbosacral."

{¶ 20} 2. Relator's conduct of falling asleep while driving constituted reckless conduct under Article 46(1) of the union contract. According to the contract, discharge or suspension for a violation can be immediate, without prior notice, if the violation is for recklessness that resulted in a serious accident while on duty.

{¶ 21} 3. Relator was informed by letter dated August 7, 2002, that

in accordance with Article 46 Over–the–Road Supplement Agreement of the National Master Freight Agreement and the Ohio Rider, you are hereby discharged from Yellow Transportation, Inc.

This discharge is based on your accident of August 2, 2002.

{¶ 22} 4. On November 21, 2002, relator filed a motion requesting the payment of TTD compensation.

{¶ 23} 5. Relator's motion was heard before a district hearing officer ("DHO") on January 22, 2003, and was denied as follows:

The injured worker's request for temporary total disability compensation from 08/03/2002 to 11/24/2002, is denied. The District Hearing Officer finds that the injured worker was terminated on 08/07/2002 by the self-insured employer for violation of a work rule. The injured worker was discharged because of his motor vehicle accident on 08/02/2002. Following review of the applicable union agreement, the District Hearing Officer finds that the accident on 08/02/2002 constituted a violation of a work rule which the injured worker knew or should have known would lead to termination. The District Hearing Officer finds that the injured worker is not, therefore, entitled to temporary total disability compensation pursuant to *State ex rel. Louisiana–Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401[, 650 N.E.2d 469]. * * *

{¶ 24} 6. Relator appealed, and the matter was heard before a staff hearing officer ("SHO") on March 24, 2003. The SHO affirmed the prior DHO order and denied TTD compensation with additional reasoning, as follows:

It is the order of the Staff Hearing Officer that the injured worker's C–86 motion filed 11/21/2002, requesting the payment of temporary total disability compensation benefits from 08/03/2002 to 11/24/2002, be denied. The Staff Hearing Officer finds that the injured worker was terminated from his position of employment as a truck driver for violation of a company work rule. Article 46 of the union contract states that discharge or suspension can be immediate,

without prior notice, if the violation is for recklessness resulting in serious accident while on duty. The injured worker was involved in a motor vehicle accident, traveling at 60 mph, when he sideswiped a truck and rolled his semitruck over onto its left side. The emergency room record dated 08/02/2002, states that the injured worker "fell asleep while driving an 18 wheeler." The Staff Hearing Officer therefore finds that the injured worker violated a written work rule clearly defined by the union contract, Article 46(1), and therefore is determined to have voluntarily abandoned his position of employment. Therefore, the request for temporary total disability compensation from 08/03/2002, to an estimated date of 11/24/2002, is denied.

The injured worker's request for the authorization and payment for physical therapy, as requested by the C–9, dated 10/01/2002, submitted by Dr. Almazon of Medwork, is denied. The Staff Hearing Officer relying on the report of Dr. Randolph does not find the requested treatment to be necessary or appropriate for the allowed conditions.

This order is based on Article 46(1) Discharge or Suspension; letter of termination dated 08/07/2002; emergency room record 08/02/2002; *Louisiana–Pacific v. I.C.* (1995), 72 Ohio State [St.3d] 401[, 650 N.E.2d 469]; and the medical report of Dr. Randolph dated 10/24/2002.

{¶ 25} 7. Relator's further appeal was refused by order of the commission mailed May 10, 2003.

{¶ 26} 8. A hearing was held on September 26, 2003. As a result of that hearing, relator's termination was reduced to a suspension as follows:

A hearing was held on your behalf on September 26, 2003 at the Yellow Transportation facility in Columbus, Ohio. Having signed a statement wishing not to have Union Representation, those present at the hearing were yourself, Robert Gilford, and myself.

The purpose of the hearing was to discuss your accident of August 2, 2002 for which you were discharged from employment.

Brought out in this hearing were all the facts surrounding the accident and your discharge. Based on these facts, your admission of guilt in the accident, and your commitment to drive carefully in the future, your discharge was reduced to a suspension. All time off from August 2, 2002 until this date September 26, 2003, will serve as suspended time, no back pay or fringe benefits due.

Govern yourself accordingly, as any future problems of this nature will result in more severe disciplinary action up to and including discharge.

The letter was signed by Michael D. Hancher, the Linehaul operations manager.

{¶ 27} 9. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law

{¶ 28} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that he has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.* (1986), 26 Ohio St.3d 76, 26 OBR 66, 497 N.E.2d 70. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.* (1987), 29 Ohio St.3d 56, 29 OBR 438, 505 N.E.2d 962. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.* (1981), 68 Ohio St.2d 165, 22 O.O.3d 400, 429 N.E.2d 433.

{¶ 29} It is well established that a discharge from employment may be "voluntary" in some circumstances. *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202. In *State ex rel. Louisiana–Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 650 N.E.2d 469, the Supreme Court of Ohio stated that when a worker has been discharged for violating a rule, the commission may conclude that the discharge constituted a voluntary relinquishment of employment if (1) the employer's rule or policy defined the prohibited conduct clearly in writing, (2) the rule or policy identified the violation as a dischargeable offense, and (3) the worker knew, or should have known, both the rule and the consequences of violating the rule or policy.

{¶ 30} Where a claimant has voluntarily relinquished his or her job, either by resigning or by abandoning it under *Louisiana–Pacific*, the claimant is deemed to have accepted the consequence of being without wages for a period of time and is not eligible to receive TTD compensation. See, for example, *State ex rel. McKnabb v. Indus. Comm.* (2001), 92 Ohio St.3d 559, 752 N.E.2d 254.

{¶ 31} The Supreme Court of Ohio has explained, however, that where the conduct is causally related to the injury, the termination of employment is not voluntary. *State ex rel. Pretty Prods., Inc. v. Indus. Comm.* (1996), 77 Ohio St.3d 5, 670 N.E.2d 466. Rather, "the underlying facts and circumstances of each case determine whether a departure by firing may be voluntary or involuntary." Id. at 7, 670 N.E.2d 466. This court has, in many cases, reaffirmed the Supreme Court of Ohio's holding in *Pretty Products* and has considered (or required the commission to consider) whether a particular termination was voluntary. See, for

example, *State ex rel. Gross v. Indus. Comm.*, Franklin App. No. 04AP–756, 2005-Ohio-3936, 2005 WL 1806457 (granting writ where discharge causally related to injury was not voluntary); *State ex rel. Griffin v. Ken Greco Co., Inc.*, Franklin App. No. 03AP–937, 2004-Ohio-5262, 2004 WL 2803429 (granting limited writ ordering consideration of causal connection between allowable condition and abandonment); *State ex rel. Transco Ry. Prods., Inc. v. Brown*, Franklin App. No. 03AP–213, 2003-Ohio-7037, 2003 WL 22999493 (granting limited writ ordering further explanation of voluntariness); *State ex rel. NIFCO, LLC v. Woods*, Franklin App. No. 02AP–1095, 2003-Ohio-6468, 2003 WL 22861759 (denying writ where discharge causally related to injury was not voluntary); *State ex rel. Walters v. Indus. Comm.*, Franklin App. No. 01AP–1043, 2002-Ohio-3236, 2002 WL 1377817 (granting limited writ ordering consideration of whether discharge was causally related to the injury or the rule violation was pretext); and *State ex rel. Darden v. Indus. Comm.*, Franklin App. No. 05AP–97, 2005-Ohio-6812, 2005 WL 3495000 (granted limited writ ordering consideration of whether termination was causally related to the injury).

{¶ 32} The Supreme Court of Ohio has cautioned that "a postinjury firing must be carefully scrutinized." *McKnabb*, supra, 92 Ohio St.3d at 562, 752 N.E.2d 254. The court has also emphasized the "great potential for abuse in allowing a simple allegation of misconduct to preclude temporary total disability compensation. We therefore find it imperative to carefully examine the totality of the circumstances when such a situation exists." *State ex rel. Smith v. Superior's Brand Meats, Inc.* (1996), 76 Ohio St.3d 408, 411, 667 N.E.2d 1217.

{¶ 33} In the present case, we can only conclude that relator's termination was causally related to his injury. Pursuant to the August 7, 2002 letter, relator was informed that his discharge was based on his August 2, 2002 accident. This presents the same situation that this court addressed in the *Gross* case where the employee's violation of the employee handbook by failing on numerous occasions to follow the warnings and instructions about the safe operation of the cooker both caused his injury when he again failed to follow the instructions and resulted in his termination. Given the causal relation between relator's injury and his termination, pursuant to *Pretty Products*, relator's termination was not "voluntary" and cannot be used as a reason to deny him TTD compensation.

{¶ 34} Based on the foregoing, the magistrate finds that a writ of mandamus is appropriate as the commission failed to apply the Supreme Court of Ohio's holding from *Pretty Products* to the facts of relator's case. Given the court's holding in *Pretty Products*, the magistrate finds that relator's termination was not voluntary and cannot constitute grounds for automatically denying him TTD compensation. Therefore, a writ of mandamus should be granted ordering the commission to vacate its order denying relator's request for TTD compensation,

and the commission should issue a new order granting that compensation as appropriate.

STEPHANIE BISCA BROOKS,
MAGISTRATE