DECISION
{¶ 1} Relator, Giant Eagle, Inc. ("relator"), commenced this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial *Page 2 
Commission of Ohio ("commission"), to vacate its order denying relator's motion to terminate temporary total disability ("TTD") compensation being paid to respondent Robin Lascher ("claimant") on grounds she voluntarily abandoned her employment with relator, and to issue a new order terminating claimant's TTD compensation.
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate concluded that the commission did not abuse its discretion and recommended that this court not issue a writ of mandamus. Relator filed objections to the magistrate's decision, and the claimant filed a memorandum opposing the objections. This cause is now before the court for a full review.
 {¶ 3} In its objections, relator argues that the magistrate based her conclusion on the SHO's finding that there was no evidence that claimant intended to abandon her employment. Relator correctly points out that our precedent recognizes no intent requirement within the voluntary abandonment test set forth in State ex rel. Louisiana-Pacific Corp. v.Indus. Comm. (1995), 72 Ohio St.3d 401, 650 N.E.2d 469. We disagree that the magistrate based her conclusion on this SHO finding. She mentioned it, but she did not rely on it.
 {¶ 4} Rather, the magistrate concluded that some evidence supported the commission's order in light of the fact that (1) the employee handbook provides for progressive discipline and does not identify the behavior cited as the reasons for termination (misspelling on a cake and rolling one's eyes to a customer) as dischargeable offenses, and (2) relator presented no evidence that it had received any previous *Page 3 
complaints about claimant's behavior in regard to misspelling or customer service-related issues. Citing the Supreme Court of Ohio's recognition of the great potential for abuse where a simple allegation of misconduct precludes receipt of TTD, the magistrate concluded that some evidence supported the commission's decision. We agree.
 {¶ 5} Based upon our independent review of the record, and after due consideration of the arguments of the parties, we overrule relator's objections, adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and deny the requested writ of mandamus.
Objections overruled; writ denied.
 PETREE and KLATT, JJ., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION *Page 5 
 {¶ 6} Relator, Giant Eagle, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's motion to terminate temporary total disability ("TTD") compensation being paid to respondent Robin Lascher ("claimant") on grounds that she voluntarily abandoned her employment with relator and ordering the commission to terminate claimant's compensation.Findings of Fact:
 {¶ 7} 1. Claimant sustained a work-related injury on September 30, 2004, and her claim was originally allowed for: "bilateral sprain of wrist nos, sprain of left knee leg, sprain of left ankle nos."
 {¶ 8} 2. Immediately after her injury, claimant missed approximately eight days before she returned to work.
 {¶ 9} 3. Medical evidence in the record indicates that claimant continued to have pain and problems with her wrist, knee and ankle.
 {¶ 10} 4. Claimant's treating physician, Walter R. Bahr, D.C., completed a C-84 certifying that claimant was temporarily and totally disabled beginning June 11, 2005 to an estimated return-to-work date of July 12, 2005.
 {¶ 11} 5. TTD compensation was paid from June 11 through June 28, 2005.
 {¶ 12} 6. Claimant returned to work with relator on June 28, 2005.
 {¶ 13} 7. Claimant continued to work until July 22, 2005, when she was terminated. *Page 6 
 {¶ 14} 8. Dr. Bahr again certified that claimant was temporarily and totally disabled from July 23 until October 30, 2005. Relator paid this compensation as well as later periods of TTD compensation pursuant to commission order.
 {¶ 15} 9. On January 27, 2006, relator filed a motion seeking to terminate claimant's TTD compensation on the basis that the continued request for disability was based upon nonallowed conditions.
 {¶ 16} 10. Relator's motion was heard before a district hearing officer ("DHO") on March 2, 2006 and was denied. Specifically, the DHO noted:
 * * * [T]he Staff Hearing Officer on 02/01/2006 additionally allowed the claim for TIBIAL TENOSYNOVITIS LEFT ANKLE AND ANTERIOR TALOFIBULAR LIGAMENT TEAR OF THE LEFT ANKLE. Given these additional allowed conditions in the claim, the employer's C-86 motion filed on 01/27/2006 becomes moot.
 {¶ 17} 11. On April 24, 2006, relator filed another motion seeking to terminate claimant's TTD compensation based upon a finding that claimant's allowed conditions had reached maximum medical improvement. Relator submitted a report by Oscar F. Sterle, M.D., in support.
 {¶ 18} 12. Relator's motion was heard before a DHO on May 19, 2006 and was denied. Specifically, the DHO found that Dr. Sterle's opinion was completely unsupported by any explanation and was therefore unpersuasive.
 {¶ 19} 13. Relator filed its third motion seeking to terminate claimant's TTD compensation on September 6, 2006. Relator asserted that claimant had voluntarily abandoned her employment on July 22, 2005 when she was terminated. Relator also *Page 7 
requested that the commission declare an overpayment of TTD compensation from July 23, 2005 to present.
 {¶ 20} 14. In support of its motion, relator attached a portion of its Employee Handbook which had been provided to claimant. Relator argued that the following portion applied to claimant:
I. Any of the following may subject an employee to Companydisciplinary action, up to, and including termination.
 1. Customer complaints.
The handbook also provides a partial list of violations that may be cause for immediate termination; however, relator did not allege that claimant violated any of those provisions.
 {¶ 21} 15. Relator provided an incident report explaining that claimant was terminated due to two customer complaints received on July 19, 2005. The incident report indicates that claimant completed a cake order wrong and wrote "Happy 25th Birthday" instead of "Happy 2nd
Birthday." Also, a customer indicated that claimant had been rude and ignored her when she was at the cookie counter. The incident report provides for progressive discipline as follows:
 PROGRESSIVE DISCIPLINE
 Step 1 — Written Warning
 90 Days
 180 Days
 FINAL WARNING
 Step 2 — Two Day Suspension
 90 Days
 180 Days
 FINAL WARNING
 Step 3 — Five Day Suspension
 90 Days
 180 Days
 FINAL WARNING *Page 8 
 **SUSPENDED PENDING FURTHER INVESTIGATION
 X Step 4 — Termination
As can be seen from the above, relator proceeded immediately to "Step 4" of the progressive discipline and terminated claimant's employment. Relator did not submit any evidence indicating that there had been any previous complaints about claimant.
 {¶ 22} 16. A hearing was held before a DHO on December 11, 2006. As part of the evidence presented, claimant included a deposition transcript which she provided wherein she indicated that she had taken special education classes in school, suffered from dyslexia, and that relator knew this before she was hired. Ultimately, the DHO denied relator's motion.
 {¶ 23} 17. Relator appealed and the matter was heard before a staff hearing officer ("SHO") and resulted in an order denying relator's motion:
 Staff Hearing Officer finds that the claimant was terminated from employment and placed on temporary total compensation. The reason for the termination had to do with customer complaints including misspelling a name on a cake and being rude to customers by rolling her eyes. Staff Hearing Officer notes that this claim has been allowed for a major depressive disorder among other things and that the claimant has suffered from dyslexia. In six years with the employer, there was no written evidence of customer complaints prior to the date of injury. It is noted that the misspelling on a cake is capable of being corrected without materially destroying the value of the cake. There is also no evidence that this conduct was intentional.
 Therefore, Staff Hearing Officer declines to rule that the claimant voluntarily abandoned her employment. Temporary total compensation is to continue consistent with medical proof from the treating physician. *Page 9 
 {¶ 24} 18. Relator's further appeal was refused by order of the commission mailed January 31, 2007.
 {¶ 25} 19. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 26} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 27} For the reasons that follow, it is this magistrate's conclusion that relator's request for a writ of mandamus be denied.
 {¶ 28} TTD compensation awarded pursuant to R.C. 4123.56 has always been defined as compensation for wages lost where claimant's injury prevents a return to the former position of employment. State ex rel.Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630. When an employee's own actions, for reasons unrelated to the injury, preclude him or her from returning to his or her former position of employment, he or she *Page 10 
is not entitled to TTD benefits, since it is the employee's own action, rather than the injury, that precludes return to the former position. See State ex rel. Jones Laughlin Steel Corp. v. Indus. Comm. (1985),29 Ohio App.3d 145. However, only a voluntary abandonment precludes payment of TTD compensation. State ex rel. Rockwell Internatl. v. Indus.Comm. (1988), 40 Ohio St.3d 44. As such, voluntary abandonment of the former position can, in some instances, bar eligibility for TTD compensation.
 {¶ 29} A firing can constitute a voluntary abandonment of the former position of employment where the firing is a consequence of behavior which claimant willingly undertook. See State ex rel. Watts v.Schottenstein Stores Corp. (1993), 68 Ohio St.3d 118. The rationale for this is that a person is deemed to tacitly accept the consequences of his or her voluntary acts.
 {¶ 30} In State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.
(1995), 72 Ohio St.3d 401, the court characterized a firing as "voluntary" where that firing is generated by the employee's violation of a written work rule or policy which: (1) clearly defined the prohibited conduct; (2) had been previously identified by the employer as a dischargeable offense; and (3) was known or should have been known to the employee. Further, the employer bears the burden of proving that the employee was terminated for violating a written work rule.
 {¶ 31} In the present case, the commission noted that the reasons for terminating claimant had to do with customer complaints including a misspelling on a cake and claimant being rude to customers by rolling her eyes. The SHO noted further that claimant suffered from dyslexia and that, in her six years of employment with relator, *Page 11 
there was no written evidence of other customer complaints prior to the date of her injury. The SHO concluded that relator had not met its burden of proof. This magistrate agrees.
 {¶ 32} The SHO determined that there was no evidence that claimant intentionally completed the cake incorrectly or that claimant intentionally rolled her eyes at a customer. Claimant testified that it has been said before that she occasionally rolls her eyes; however, she indicated that she was not aware of doing it. A review of the handbook indicates that the exact behavior which relator identified as the reason for claimant's termination is not specifically identified in the handbook except for the handbook's reference to customer complaints. Further, the magistrate notes that the incident report submitted by relator actually identifies a four-step progressive discipline plan which relator did not utilize. Relator did not present any evidence that it had received previous complaints about claimant's behavior or actions in the six years she worked for relator and yet, relator immediately terminated claimant the first time it received any complaints about her from customers. In State ex rel. Smith v. Superior's Brand Meats,Inc. (1996), 76 Ohio St.3d 408, the Supreme Court of Ohio recognized the great potential for abuse in allowing a simple allegation of misconduct to preclude a claimant's receipt of TTD compensation. In this particular case, the magistrate concludes that the commission did not abuse its discretion in finding that relator did not meet its burden of proving that claimant voluntarily abandoned her employment and found that her termination did not preclude payment of TTD compensation.
 {¶ 33} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated the commission abused its discretion in finding that claimant did not voluntarily abandon her employment with relator and that her termination from *Page 12 
employment should not preclude the payment of TTD compensation. As such, this court should deny relator's request for a writ of mandamus. *Page 1